# CASE PLAN

**This case plan is for ▮▮▮▮ Pedersen, whose date of birth is 27/05/2018.**
The case plan has been endorsed by Jennifer Sorrell, Case Planner.
It applies from 18/05/2023.

## Current legal status
Child Protection has decided that there are some protective concerns in relation to ▮▮▮▮ and is working by agreement with the family to address the concerns.

## Permanency objective
The following permanency objective has been determined to be in ▮▮▮▮ best interests at this time.

Family preservation: for the child to remain in the care of a parent.

This is the appropriate objective where a parent is able, with services and support, to provide sufficient safety for their child while protective concerns are addressed.

## Protective concerns
The Department have assessed that ▮▮▮▮ is at a likelihood of emotional harm due to Ms Shriver's continual reporting of sexualised behaviour and sexual abuse experiences that have not been witnessed by any other third party to evidence their existence and raise concerns for Ms Shriver's motivation for repeatedly reporting this.

Concerns remain for Ms Shriver's continual use of systems to report allegations of sexualised behaviour and sexual abuse experiences and that this is having a flow on effect of multiple interviews (and/or examinations) of ▮▮▮▮ conducted by both Child Protection, SOCIT, and other professionals.

Concerns that ▮▮▮▮ is continually exposed to parental conflict which further impacts his emotional development and individual relationship with both of his parents.

Since Child Protection completed their assessment, it has been reported that Ms Shriver and ▮▮▮▮ fled from their Melbourne property and have departed the Country and are believed to have flown to America.

## Significant decisions for care and wellbeing
The following significant decisions have been made by Child Protection relating to ▮▮▮▮ care and wellbeing:

### Child's views and wishes
During the current intervention, it has been difficult to get a clear narrative from ▮▮▮▮ regarding his views and wishes with both of his parents. During interviews with Child Protection and Police, ▮▮▮▮ verbalised some comments of potential harm by Mr Pedersen during interviews but there has been insufficient evidence to substantiate that sexual harm has occurred. There has been inconsistency in information within the multiple disclosures from ▮▮▮▮ however, Child Protection considers the numerous interviews ▮▮▮▮ has been subject to by Child Protection, Police and medical professionals, numerous investigating practitioners conducting those interviews, and his age and stage of development which may have impacted on his capacity to have consistency in his disclosures.

### Current care arrangements
▮▮▮▮ will live in parental care, with Collette Shriver.

### Education, employment or child care
Child Protection understand that Ms Shriver and ▮▮▮▮ have left Australia and therefore he is no longer attending child care. Prior to their departure, Mr Pederson and Ms Shriver were working towards an agreed new child care for ▮▮▮▮ to attend, in line with the parenting orders granted by the Federal Court and Family Court of Australia on 31 January 2023.

**Health care**
There are no health concerns for ▮

**Developmental support**
▮ is of an age and stage of development where he requires a primary caregiver to ensure that his daily care needs are met. There are reports that ▮ has a language and speech delay, which increases his vulnerability compared to other 4 year olds. Whilst in Australia, ▮ was supported by an Occupational Therapist and Speech Therapist, as funded by NDIS and enrolled into child care to further develop his social skills.

**Other significant decisions**
Prior to their departure from Australia, Child Protection intended to address the protective concerns with Ms Shriver by way of a Case Plan Meeting to support the current Family Law Court orders to be upheld.

The Department did not hold concerns for ▮ contact with Mr Pedersen and recommended that Mr Pedersen's time with ▮ revert to what is outlined in the current Family Law Court orders.

The Department understand that the current orders also outline that the parents are to engage a parent coordinator to support in upholding the current orders. Should Ms Shriver and ▮ return to Australia, Child Protection continue to recommend that the Family Law Court orders are followed and a parenting coordinator is sought to support this process.

**Different perspectives on this plan**
Mr Pedersen and Ms Kelly are extremely upset about finding out that Ms Shriver has taken ▮ out of the country and are of the belief that her mental health poses an immediate and significant risk to ▮ Mr Pedersen and Ms Kelly have been encouraged to seek legal advice regarding next steps due to the current Family Law Court Orders that are in place.

Prior to their departure, Ms Shriver indicated that she was not in support of Family Law Court orders and conditions and was seeking an appeal. Current views on the Case Plan cannot be ascertained due to no contact with Ms Shriver since 20 April 2023.

**Review**
Case closure expected before 13/07/2023

**Other relevant information**

- Actions table

- About Child Protection case planning information sheet

- Review of child protection decision without a protection order information sheet (for parents)

- Review of child protection decision without a protection order information sheet (for young people)

# Actions table

**Name:** ▇▇▇▇ Pedersen, 27/05/2018

This actions table supports case plan version 1.

**Goals, tasks and timelines**
What needs to happen to achieve family preservation and meet ▇▇▇▇ needs.

# What is a case plan?

**Case plan under s166 of the *Children Youth and Families Act 2005***

**Why has a case plan been prepared?**

A case plan sets out the decisions being made by Child Protection concerning a child or young person. Child Protection is required by law to prepare a case plan when an investigation determines that a child is in need of protection.

A case plan includes the permanency objective for the child or young person, and all significant decisions made by Child Protection in relation to the care and wellbeing of the child or young person, including placement and contact decisions.

The permanency objective is chosen in the best interests of the child in order of preference: family preservation, family reunification, adoption, permanent care, or long-term out of home care.

**How are significant decisions made?**

The law sets out the best interests principles that Child Protection must have regard to, where relevant, in making decisions for children.

The best interests of the child must always be the paramount (that is, most important) consideration.

When determining whether a decision or action is in the best interests of a child, three things must always be considered:

- the need to protect the child from harm
- the need to protect the child's rights, and
- the need to promote the child's development.

There is a list of other principles to be considered where they are relevant. They deal with things like :

- limiting intervention to that necessary to secure the safety and wellbeing of the child
- supporting positive relationships between the child and their parents, family and others important to them
- protecting and promote the child's cultural and spiritual identity and development by maintaining and building connections to family and community, particularly for Aboriginal children
- the child's views and wishes
- the effects of repeated harm on the child's safety and development
- continuity and permanency in the child's care, and the need to make decisions as quickly as possible, given the possible harmful effects of delay
- kinship care being considered first, and the importance of siblings being together
- contact with family, education, health and so on.

Sometimes it isn't possible to be consistent with all of these principles at once. That doesn't mean that the principles or the decisions are wrong, it just means that some things are more important than others. In deciding what is the most important thing, the law says that decisions have to be made in the best interests of the child or young person.

There are decision-making principles to be considered as well. They encourage open, collaborative decision making where practicable, involving the child or young person and their family to the fullest extent possible. Child Protection will:

- try to make the process understandable
- allow and encourage the child or young person and their family to include support people, and especially for people from culturally and linguistically diverse backgrounds.
- consider different perspectives
- seek agreement
- use interpreters where needed.

**Aboriginal children and young people**

For Aboriginal children or young people living in out of home care, the case plan must address the cultural support needs of the child or young person. The child or young person will also be provided with a cultural plan to help to maintain and develop their Aboriginal identity and encourage their connection with their Aboriginal community and culture.

**Approving the case plan**

The person who approves this case plan will make sure that the plan looks after the best interests of the child or young person, and, as far as possible, is consistent with the principles listed above.

> Please note that where the term 'Aboriginal' is used it refers to both Aboriginal and Torres Strait Islander people.

# Review of a decision made by Child Protection without a protection order

Information for parents

Child Protection is involved with your child because of concerns for their safety and wellbeing. A child protection practitioner (your child's child protection worker) is working with you and your child to assess the safety and wellbeing of your child and to prepare and implement a case plan, without a protection order. This is called case planning by agreement. Child Protection may make decisions concerning your child as part of the decision-making process following substantiation of child protection concerns.

Child Protection is required to prepare and implement a case plan. The case plan includes the permanency objective of family preservation for your child. The case plan also sets out significant decisions Child Protection has made about your child's care and wellbeing.

## What happens if I disagree with a decision made by Child Protection?

During the period of involvement with your family without a protection order, you might disagree with a decision Child Protection makes. Case planning by agreement focuses on the safety of your child without having to seek a protection order. The case plan will include all decisions made by Child Protection. You and your child have a right to an explanation of the decision by the person who made it.

If you disagree with a decision made by Child Protection, you may:

a) request a written 'Statement of Reasons' from Child Protection for any decision made by Child Protection during the period of involvement without a protection order within 28 days of the decision being made; or

b) apply directly to the Victorian Civil and Administrative Tribunal (**VCAT**) for a review of the decision within 28 days of the decision being made or within 28 days of the statement of reasons being given.

## What if I don't want a 'Statement of Reasons' for a decision made by Child Protection?

If you do not want to request a 'Statement of Reasons' for the decision you disagree with, you may apply directly to VCAT for the decision to be reviewed within 28 days of the decision being made.

VCAT is independent of Child Protection. VCAT can be contacted by telephone on 1300 01 8288 or email or post – see https://www.vcat.vic.gov.au/ for details.

## What if I do want a 'Statement of Reasons' for a decision made by Child Protection?

If you want to seek a 'Statement of Reasons' for a decision made by Chid Protection, you must submit a request to your child protection practitioner. Your request for a 'Statement of Reasons' must be in writing and should provide details of the decision/s for which you disagree with. Your request must be made within 28 days of the decision being made.

Once your request has been received by Child Protection, a 'Statement of Reasons' will be provided within 28 days of receiving your request.

OFFICIAL



## What is a 'Statement of Reasons'?

A 'Statement of Reasons' is a letter that explains why Child Protection made the decision that you disagree with. The letter will set out:

- the decision you are questioning; and

- the reasons for making the decision, including any evidence on which the decision was based on.

The Statement of Reasons does not change the decision made by Child Protection. It will explain why the decision was made.

In some situations, Child Protection may not provide you with a Statement of Reasons or Child Protection may not be required to provide you with a Statement of Reasons. This may be because a written statement giving the reasons has previously been provided to you.

# What if I am still not satisfied?

If after receiving the Statement of Reasons you are not satisfied, you may apply to VCAT seeking a review of the decision. You will need to apply to VCAT within 28 days after receiving the Statement of Reasons.

VCAT is independent of Child Protection. VCAT can be contacted by telephone on 1300 01 8288 or email or post – see https://www.vcat.vic.gov.au/ for details.

# What if I have other concerns?

Child protection staff will attempt to work cooperatively with you about your child's safety and wellbeing. If you are unhappy with any of the department's actions, you may contact the Child Protection Operations Manager/ Director.

If your complaint cannot be resolved at your local office, you can make a complaint by contacting the department's complaints line via the online form at https://www.dffh.vic.gov.au/making-complaint or phone 1300 884 706 (cost of a local call).

If your complaint cannot be resolved by speaking directly to the department, you may contact the Victorian Ombudsman via their website, https://www.ombudsman.vic.gov.au, or on (03) 9613 6222, or Toll Free on 1800 806 314. The Ombudsman is able to investigate complaints about government departments. The Ombudsman is an office of last resort, so people who have a complaint are encouraged to use all available avenues for resolving the complaint before contacting the Ombudsman.

# What if I have difficulty understanding English?

If you have difficulty understanding English, ask the child protection practitioner organise an interpreter and explain the internal review procedure to you and discuss your concerns.

## Contact information

| | |
|---|---|
| The child protection practitioner's name is: | Rochelle Byrne |
| Their Department of Families, Fairness and Housing office is: | Frankston, 431 Nepean Hwy |
| Their contact number is: | |
| The case planner for your child is: | Rochelle Byrne |
| Their contact number is: | |

OFFICIAL



The Child Protection Operations Manager/Director is:  Nerrida Vose

Their contact number is:

> To receive this publication in an accessible format email cpmanual@dffh.vic.gov.au
>
> Authorised and published by the Victorian Government, 1 Treasury Place, Melbourne.
>
> © State of Victoria, July 2021.
>
> Available at www.cpmanual.vic.gov.au



# Review of a decision made by Child Protection without a protection order

Information for young people

Child Protection is involved with you because someone has made a report about your safety or wellbeing.  A child protection practitioner (your child protection worker) is working with you to assess the report and to make a case plan without a protection order. This is called case planning by agreement. You may have talked to the worker or been to a case planning meeting to work out this plan.

Child Protection may make decisions about you as part of the decision-making process after the child protection concerns have been substantiated.

Child Protection has to prepare a case plan for you. The case plan includes significant decisions Child Protection has made about your care and wellbeing.

## What if I don't agree with the decisions made by Child Protection?

During the period of involvement with your family without a protection order, Child Protection may make decisions about you. Case planning by agreement focuses on your safety without having to seek a protection order. If you do not agree with the decisions made by Child Protection you have a right to have these decisions explained to you by the person who makes them.

If you disagree with a decision made by Child Protection, you may:

a) request a written 'Statement of Reasons' for any decision made by Child Protection during the period of involvement without a protection order within 28 days of the decision being made; or

b) apply directly to the Victorian Civil and Administrative Tribunal (**VCAT**) for a review of the decision within 28 days of the decision being made, or within 28 days of the statement of reasons being given.

## What if I don't want a 'Statement of Reasons' for a decision made by Child Protection?

If you do not want to request a 'Statement of Reasons' for the decision you disagree with, you may apply to the VCAT for the decision to be reviewed within 28 days of the decision being made.

VCAT is independent of Child Protection. VCAT can be contacted by telephone on 1300 01 8288 or email or post – see https://www.vcat.vic.gov.au/ for details.

## What if I do want a 'Statement of Reasons' for a decision made by Child Protection?

It will help if you say what decision you don't agree with and why. It helps if you put this in writing and if needed, you can get help from your worker or a friend or a relative.

You need to ask for a statement of reasons within 28 days from the date the decision was made.

Once your request has been received by Child Protection, a 'Statement of Reasons' will be given to you by Child Protection within 28 days.



## What is a 'Statement of Reasons'?

A Statement of Reasons is a letter that explains why Child Protection made the decision that you disagree with. The letter will set out:

- the decision you are questioning; and

- the reasons for making the decision, including any evidence on which the decision was based on.

The Statement of Reasons does not change the decision made by Child Protection. It will explain why the decision was made.

In some situations, Child Protection may not provide you with a Statement of Reasons or Child Protection may not be required to provide you with a Statement of Reasons. This may be because a written statement giving the reasons has previously been provided to you.

## What if I still disagree?

If you still disagree with the decision after receiving the Statement of Reasons, you may apply to VCAT for the decision to be reviewed. You will need to apply to VCAT within 28 days after you have been given the Statement of Reasons by Child Protection.

VCAT is independent of Child Protection. VCAT can be by telephone on 1300 01 8288 or email or post – see https://www.vcat.vic.gov.au/ for details. Ask your worker about how to apply or talk to a lawyer about VCAT.

## What if I have other concerns?

Child protection staff will attempt to work cooperatively with you. However, if you are unhappy with any of the department's actions, you may contact the Child Protection Operations Manager/Director.

If your complaint cannot be resolved at your local office, you can make a complaint by contacting the department's complaints line via the online form at https://www.dffh.vic.gov.au/making-complaint or phone 1300 884 706 (cost of a local call).

You may also contact the Victorian Ombudsman via their website, https://www.ombudsman.vic.gov.au or on (03) 9613 6222, or Toll Free on 1800 806 314. The Ombudsman is able to investigate complaints about government departments. It is a free and independent service.

## What if I have difficulty understanding English?

If you have difficulty understanding English, ask your child protection practitioner to get an interpreter and explain about internal reviews and talk about your concerns.

## Contact information

My child protection practitioner is: Rochelle Byrne

Their office is: Frankston, 431 Nepean Hwy

Their contact number is:

My Case Planner's name is: Rochelle Byrne

Their contact number is:

OFFICIAL



The Child Protection Operations Manager/Director is: Nerrida Vose

Their contact number is:

To receive this publication in an accessible format email cpmanual@dffh.vic.gov.au

Authorised and published by the Victorian Government, 1 Treasury Place, Melbourne.

© State of Victoria, July 2021.

Available at www.cpmanual.vic.gov.au