# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ADAM KEITH PEDERSEN, <br><br> Petitioner, <br><br> v. <br><br> COLLETTE RENEE SHRIVER, <br><br> Respondent. | No. 23-cv-13836 <br><br> Judge John F. Kness |

## ORDER

In-person status hearing held on August 9, 2024 concerning postjudgment matters. Respondent appeared as directed with the minor child R.P., although, by agreement of the parties, R.P. was not present in the courtroom. The parties and the Court discussed several matters, including (1) the specifics of R.P.'s return to Australia (recognizing that Respondent has filed a notice of appeal of the August 8, 2024 final judgment granting the Petition to return R.P.); and (2) Respondent's motion under Rule 62 of the Federal Rules of Civil Procedure to stay enforcement of the Court's. (Dkt. 67.) For the reasons provided in the accompanying Statement, Respondent's motion to stay pending appeal is denied. At the Court's instance, however, execution of the August 8, 2024 judgment is temporarily stayed to permit Respondent the opportunity to seek an emergency stay from the Court of Appeals. This temporary stay will remain in effect to and including August 16, 2024. If Respondent files an appellate motion for a stay, the temporary stay issued by this Court will remain in place until the Court of Appeals decides the motion. If Respondent does not ask the Court of Appeals for a stay pending appeal, the temporary stay will lift, and the Court will take further steps without delay to execute its judgment. Respondent must promptly notify this Court upon the filing of a motion to stay in the Court of Appeals.

## STATEMENT

Before addressing the merits of Respondent's stay motion, the Court must address Respondent's arguments made at yesterday and today's hearings to the effect that case timelines should be extended to allow for Respondent's counsel to receive transcripts of the now-completed bench trial. Respondent was unable to cite any

authority requiring a court to allow for additional time to file a motion to stay execution of judgment pending the receipt of final trial transcripts; Respondent concedes that no such requirement exists. Respondent instead contends that transcripts are needed because counsel was retained after the trial and is not sufficiently familiar with the trial record to address the likelihood of success on the merits.

Respondent's purported disadvantage based on the lack of immediately-available transcripts flows from her decision to bring in new counsel at the close of the trial but before judgment was rendered; that was Respondent's strategic choice to make, but it does not justify delaying this case further. (It bears emphasis as well that Respondent did not order same-day transcripts during the bench trial.) In the light of the Hague Convention's focus on expediency, the Court declines to extend any stay within its power to grant, whether temporary or otherwise, simply to allow for the preparation of final transcripts.

On the merits of the motion to stay (Dkt. 67), courts must, in considering whether to stay a return order, balance four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Chafin v. Chafin*, 568 U.S. 165, 179 (2013). In Hague Convention cases, a court is to weigh these four factors to effectuate "the individualized treatment necessary for appropriate consideration of the child's best interests." *Id.*

Under those factors, a stay is not warranted. To begin, Respondent does not argue that the 30-day automatic stay on the execution of judgment under Rule 62(a) applies here, and *Chafin* made no mention of that provision in discussing the traditional four-factor stay analysis that must be applied in Hague Convention cases. As a result, it does not appear that a 30-day automatic applies; but even if it did, Rule 62(a) allows a court to "order otherwise" and not permit the 30-day stay to take effect. For the reasons provided below concerning the stay motion, a 30-day automatic stay is not warranted.

As to the four-factor test, Respondent has not shown a significant likelihood of success on the merits.[1] Respondent contends that "granting a stay that simply maintains the status quo pending appeal is appropriate when a serious legal question

---

[1] A trial judge asked to assess the likelihood of success on an appeal of that judge's ruling faces an odd task. If the judge viewed the case differently, the judge presumably would have gone the other way; taking an objective view from that perspective requires an exercise in judicial dissociation. That said, the procedural rules require the judge to assess the likelihood of success on appeal, and circumstances do arise in which a close legal call justifies that finding despite the contrary ruling under review.

2

is presented." (Dkt. 67 at 3–4.) In Respondent's view, that serious legal question is the Court's determination that Respondent failed to show by clear and convincing evidence that a grave risk of harm to the child exists should he be returned to Australia. (*Id.*)

With due regard to the seriousness of this case's subject matter, the Court respectfully disagrees that the pending appeal presents a serious *legal* question. In making its determination that Respondent failed to establish the grave risk of harm defense by clear and convincing evidence, the Court considered the evidence that was developed during a four-day bench trial that focused heavily on matters of witness credibility. As found by the Court, the facts weighed heavily in favor of Petitioner. Respondent's likelihood of success on appeal depends on showing that the Court's fact-finding, especially as to witness credibility, was clearly erroneous. And to the extent that Respondent will argue that the Court abused its discretion in making various evidentiary rulings, that is a similarly challenging task on appeal. (In making this statement concerning likelihood of success on appeal, the Court does not suggest that its conduct at trial was infallible.) These considerations suggest that Respondent's likelihood of success on appeal is low.

Respondent's asserted risk of irreparable harm if no stay is imposed is similarly low. This assessment is based on the findings made by the Court, which reflect that Respondent's credibility is diminished and that she improperly removed R.P. from his habitual residence. To the extent Respondent faces harm, it would be self-inflicted. In any event, Respondent retains custodial interests over R.P. under Australian law, and she remains free to exercise those rights in Australia.

Conversely, the issuance of a lengthy stay may well irreparably harm R.P.; that prediction is again based on the findings detailed in the opinion granting the Petition. To the extent Respondent contends that R.P. is at risk of harm from being returned to Australia after having spent over a year in the United States, a removing parent "must not be allowed to abduct a child and then—when brought to court—complain that the child has grown used to the surroundings to which they were abducted. Under the logic of the [Hague] Convention, it is the abduction that causes the pangs of subsequent return." *Friedrich v. Friedrich*, 78 F.3d 1060, 1068 (6th Cir. 1996). Moreover, Petitioner maintains a substantial interest in obtaining the return of R.P. as expeditiously as possible, and that interest would be impaired by a stay pending appeal.

Finally, the public interest, as established in the Hague Convention, its implementing statute, 22 U.S.C. § 9001 *et seq*. (ICARA), and governing caselaw, lies in the minor child's expeditious return to Australia. A consistent theme in the Hague Convention is expediency, and now that the contested factual matters have been resolved following a significant devotion of party and judicial resources, the public interest will be better served by returning R.P. to Australia promptly without having

this Court impose a stay. As the Sixth Circuit noted nearly thirty years ago in commenting on an arguably "improvident" stay imposed by the district court, staying the return of a child in an action under the Convention "should hardly be a matter of course." *Friedrich*, 78 F.3d at 1063 n.1.

Balancing these factors against one another, a stay is unwarranted. But because Respondent has filed a notice of appeal (Dkt. 69) and has stated an intent to file a motion to stay with the Seventh Circuit, the Court will itself impose a temporary stay on the execution of its judgment to permit Respondent the opportunity to pursue appellate relief. This temporary stay will remain in effect to and including August 16, 2024. If Respondent files an appellate motion for a stay, the temporary stay issued by this Court will remain in place until the Court of Appeals decides the motion. If Respondent does not ask the Court of Appeals for a stay pending appeal, the temporary stay will lift, and the Court will take further steps without delay to execute its judgment. Respondent must promptly notify this Court upon the filing of a motion to stay in the Court of Appeals.

SO ORDERED in No. 23-cv-13836.

Date: August 9, 2024

JOHN F. KNESS
United States District Judge