IN THE U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ADAM KEITH PEDERSEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| and ) | No. 1:23-cv-13836 |
| ) | The Honorable |
| COLLETTE RENEE SHRIVER, ) | Judge John F. Kness |
| ) | |
| Respondent. ) | |

**PETITIONER'S EMERGENCY MOTION FOR AN ORDER OF CONTEMPT OF COURT AND OTHER RELIEF**

NOW COMES the Petitioner, ADAM KEITH PEDERSEN, ("**Petitioner**") by and through his attorneys, LAKE TOBACK DiDOMENICO and THE LAW OFFICES OF TERRY D. SLAW, pursuant to the Federal Rules of Civil Procedure and applicable Local Rules, respectfully states as follows:

**STATEMENT OF RELEVANT FACTS**

1. On September 18, 2023, Petitioner filed a *Verified Complaint and Petition for Return of Minor Child*, initiating the above-captioned case

2. A four-day bench trial was held before the Court spanning July 22, to July 25, 2024.

3. On August 8, 2024, this Court entered its Memorandum Opinion and Order, granting Petitioner's *Petition for Return on Minor Child* and finding that the minor child must be return to Australia forthright.

4. On August 9, 2024, this Court entered an Order denying Respondent's *Motion for Stay Pending Appeal*.

5. On August 28, 2024, the Seventh Circuit entered an order denying Respondent's *Emergency Motion to Stay*.

1

6. On August 30, 2024, this Honorable Court issued a clear directive for the Respondent to effectuate the turnover of the minor child to occur at 12:00 CDT on September 03, 2024, at a location certain. (Dkt. 84)

7. Also on August 30, 2024, Respondent went to McHenry County State Court and filed a petition for an emergency order of protection, in an obvious attempt to obviate this Court's order, which emergency order was denied the same date.

8. At no time did Respondent provide notice, through counsel or herself. Petitioner's counsel only learned about the filing from public record searches.

9. On September 03, 2024, Respondent did not effectuate the turnover of the minor child to Petitioner's custody and, as of the filing of this emergency, refuses to appear, advising the US Marshal that she will not appear and alleging that R.P. is in an undisclosed hospital.

10. Respondent refuses to provide her location or the minor child's location.

11. The instant motion follows.

## RULE OF LAW

12. Emergency motions must be "of such a nature that the delay" in hearing them "would cause serious and irreparable harm to one or more parties." Local Rule 77.2.

13. "The aim of the Convention is to secure prompt return of the child to the correct jurisdiction, and any unnecessary delay renders the subsequent return more difficult for the child, and subsequent adjudication more difficult for the foreign court." Friedrich v. Friedrich, 78 F.3d 1060, 1063 n.1 (6th Cir. 1996).

14. Civil contempt of court must be proven by clear and convincing evidence. U.S. v. Dowell, 257 F.3d 694, 699 (2001).

15. Civil contempt may be either coercive or remedial in nature. Id.

16. Violation of an order directing or prohibiting a party to do something form the basis of contempt. C & N Corp. v. Kane, 142 F. Supp. 3d 783 (E.D. Wisconsin 2015).

## ARGUMENT

17. The Court order (Dkt. 84) was a clear and unambiguous command, directing Respondent to appear at a place and time certain with the minor child for a transfer of custody.

18. Respondent is in ongoing violation of the unambiguous command, as she has refused to appear or produce the minor child as ordered and has not turned him over to Petitioner's custody.

19. Respondent's violation is significant insofar as she refuses to disclose the location of the minor child and refuses to appear at the location where the minor child was ordered to be presented. Respondent has not complied with the order at all, much less substantially. An ongoing kidnapping is one of the most significant violations of any court order possible.

20. Respondent's contemptuous behavior is highlighted by her bad-faith state court filings without notice, seeking to avoid the effect of the Federal Orders.

21. By Respondent's refusal to comply or communicate the whereabouts of the minor child, she has not taken reasonable and diligent efforts to comply.

**WHEREFORE**, ADAM KEITH PEDERSEN respectfully prays this Honorable Court:

A. Find this matter to be an emergency;
B. Find Respondent has violated a clear and unambiguous directive of this Court in a significant way and without reasonable efforts to comply;
C. Direct the United States Marshals Office, as well as local and State law enforcement officials, to take all necessary actions to take custody of the minor child;
D. Direct the United States Marshals Office, as well as local and State law enforcement officials, and state agencies, to turn over physical custody of the minor child, R.P., to the Petitioner;
E. Find Respondent in Civil Contempt of Court;

F. Enter appropriate remedies in this Court's discretion to compel compliance and compensate for the non-compliance;

G. Provide that Dr. Sharon Johnson may speak with any medical or therapeutic personnel seeing the minor child, including the attending physician; AND

H. Any other, further, or different relief as this Court deems just in its equity.

Dated: September 3, 2024
Respectfully submitted:

/s/Sean M. Hamann
**LAKE TOBACK DıDOMENICO**
Sean M. Hamann - Atty. No. 6306095
Lillian M. O'Neill – Atty No. 6346438
Attorneys for Petitioner
33 N. Dearborn St., Ste. 1850
Chicago, IL  60602-3955
P: (312) 726-7111
shamann@laketoback.com
loneill@laketoback.com

**LAW OFFICE OF TERRY D. SLAW**
Attorney for Petitioner
Attorney ID: 06183906
Post Office Box 5633
Buffalo Grove, IL 60089
Telephone No. (847) 845-2042
tds_60062@hotmail.com

**VERIFICATION BY CERTIFICATION**

Under penalties as provided by law pursuant to Rule 11 of the Federal Rules of Civil Procedure I certify that the statements set forth in this instrument are true and correct except as to matters therein stated to be on information and belief and as to such matters I certify that I verily believe the same to be true.

Dated: 9/3/24

/s/ Adam Keith Pedersen

ADAM KEITH PEDERSEN

CERTIFICATE OF SERVICE

    Lillian M. O'Neill, an attorney, hereby certifies that on September 3, 2024, she caused to be served a true and correct copy of the Petitioner's Emergency Motion, upon the following individual(s) via electronic mail, addressed as follows:

To: Jane E. Nagle, Esq.
Lisa M. Giese, Esq.
jane@mngrlaw.com
lisa@mngrlaw.com

By: /s/Tracy Schanck-DeGrado
Tracy Schanck-DeGrado

**LAKE TOBACK DiDOMENICO**
Sean M. Hamann - Atty. No. 6306095
Lillian M. O'Neill – Atty No. 6346438
Attorneys for Petitioner
33 N. Dearborn St., Ste. 1850
Chicago, IL 60602-3955
P: (312) 726-7111
shamann@laketoback.com
loneill@laketoback.com

**LAW OFFICE OF TERRY D. SLAW**
Attorney for Petitioner
Attorney ID: 06183906
Post Office Box 5633
Buffalo Grove, IL 60089
Telephone No. (847) 845-2042
tds_60062@hotmail.com